**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| FRANCISCO VICENTE-VICENTE, <br><br> Petitioner, <br> v. <br><br> FERETI SEMAIA, et al., <br><br> Respondents. | No. 5:26-cv-02453-BFM <br><br> **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Francisco Vicente-Vicente filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 8, 2026. (ECF 1.) For the reasons stated below, the Petition (ECF 1) is **denied**.

**FACTUAL BACKGROUND**

Petitioner Francisco Vicente Vicente is a noncitizen who is currently detained in the Adelanto Detention Facility, within the Central District of California. (ECF 1 (Pet.) at 1.) He entered the United States without inspection in 2009 and has lived in the United States since then. (Pet. ¶ 19.) In October 2025, he was detained by ICE. (Pet. ¶ 21.) At the scene, he declined to answer questions; once he was formally detained and transported to the detention center, however, he answered all questions posed to him. (Pet. ¶ 21.)

Petitioner was provided a *Rodriguez* bond hearing on April 14, 2026. (Pet. ¶ 23.) After the hearing, the IJ ordered Petitioner detained. (Pet. ¶¶ 24-26.) The Court found no basis to conclude Petitioner was a danger to the community, but did believe Respondent had carried its burden to show that Petitioner was a flight risk. (Pet. ¶ 26.)

On May 8, 2026, Petitioner filed a counseled habeas petition arguing both that the IJ's misapplication of relevant BIA caselaw was an APA violation and that his continued detention was a violation of his due process rights. (Pet. ¶¶ 31-59.) Respondents answered (ECF 11 ("Answer")), and Petitioner filed a Reply (ECF 12 ("Reply")). The matter is now fully briefed and ready for decision.

## ANALYSIS

The Petition alleges that habeas relief is warranted because the IJ erred in finding him a flight risk. (Pet. at 21-32.) Respondents contest Petitioner's right to relief on three grounds: lack of jurisdiction, failure to exhaust, and that the bond hearing was adequate. (Answer at 2-6.)

**A.    Jurisdiction**

Respondents' first argument is that the Court has no jurisdiction to review the IJ's bond decision. (Answer at 4-5.) It is true that Congress has placed limits on federal courts' review of bond determinations. 8 U.S.C. § 1226. Specifically, § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." As such, Section 1226(e) precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality) (cleaned up).

Nevertheless, federal courts retain jurisdiction to consider constitutional claims or questions of law regarding bond determinations, including "mixed questions" involving the application of law to facts. An immigration courts'

2

determination that a noncitizen presents a danger or risk of flight is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Although what constitutes dangerousness or risk of flight "is malleable and involves agency discretion," dangerousness and risk of flight are "still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts.'" *Id.* (*quoting Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)). Thus, while the Court lacks jurisdiction over purely discretionary questions, Congress has not entirely stripped this Court of jurisdiction over bond determinations. The Court is mindful of the statutory limits on its review, but does not agree with Respondents that the Petition must be dismissed in its entirety for lack of jurisdiction.

## B.    Exhaustion

Respondents also raise failure to exhaust. (Answer at 5-6.) Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

At the same time, courts "have discretion to waive a prudential [exhaustion] requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies

3

are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the available avenue for exhaustion would be an appeal of the IJ's bond decision to the Board of Immigration Appeals (BIA). Petitioner could have filed such an appeal over a month ago, when the decision was rendered, but did not. (Pet. ¶¶7-9.) He argues that the BIA rules against immigrants at a high rate, and that appeal would therefore be a futile avenue to pursue. (Pet. ¶¶ 8.) Exhaustion is futile where the agency has a firm legal position that would bind it to rule against the petitioner, or a question where the agency has no authority to review the question. *El Rescate Legal Serv., Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 747-48 (9th Cir.1991)) The Court hesitates to find futility simply because the reviewing entity is perceived to be hostile to a particular type of claim. Even if it were inclined to accept that argument, the Court cannot find futility based on the limited anecdotal evidence presented by Petitioner. (Pet. ¶¶ 8-9.)

Petitioner also points to irreparable harm, in that processing time for BIA appeals ranged from two months to ten as of August 2025. (Pet. ¶ 11.) That reason would apply equally to everyone who files a § 2241 petition based on a bond hearing. Given Ninth Circuit holdings saying that prudential exhaustion is *generally* required, the Court is hard pressed to say that it would be appropriate to accept an argument that would excuse exhaustion in all cases involving IJ bond hearings.

And while the Court is not unsympathetic to either of those points, in this case, there is a significant countervailing fact on the other side of the balance: Petitioner's most substantial claims both depend on the premise that the IJ misinterpreted BIA precedent and thus violated the APA. (*See* Pet. ¶¶ 31-41 (Claim One arguing that IJ violated APA by misapplying *Matter of Patel*, 15 I. & N. Dec. 666 (BIA 1976)); Pet. ¶ 42-50 (Claim Two arguing that IJ misapplied

4

*Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)); Pet. ¶¶ 54-55 (arguing bond should be set because case does not fit limitations of *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020).) It seems particularly important that the BIA have an opportunity to weigh in claims that raise questions about the interpretation of its own caselaw.

Weighing all these facts together, the Court concludes that exhaustion should not be excused here. The Petition is therefore denied without prejudice, and judgment will be entered accordingly.

DATED:   May 19, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE